# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, NY 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

September 2, 2011

*Handwritten endorsement:* September 15, 2011. See order endorsed on 6/23/2011 letter. Syncora is directed to produce the deposition testimony of its witnesses in the Countrywide action. So ordered. Paul A. Crotty, USDJ.

By Hand

The Honorable Paul A. Crotty,
   United States District Court for the Southern District of New York,
     Daniel Patrick Moynihan United States Courthouse,
      500 Pearl Street,
       New York, New York  10007-1312.

    Re:   *Syncora Guarantee Inc.* v. *EMC Mortgage Corporation*,
          No. CV-09-3106 (PAC) (S.D.N.Y.)

Dear Judge Crotty:

       We represent defendant EMC Mortgage Corporation ("EMC") in the above-referenced action.  We write on behalf of EMC to request the Court's assistance to compel Syncora Guarantee Inc. ("Syncora") to produce immediately deposition transcripts (and related exhibits) of those Syncora witnesses in this action who were deposed in the lawsuit Syncora brought against Countrywide (the "*Countrywide* transcripts").  The *Countrywide* action, captioned *Syncora Guarantee Inc.* v. *Countrywide, et al.*, No. 650042/2009 (N.Y. Sup. Ct.), raises factual and legal issues substantially similar to those presented in this action.  As in this case, Syncora claims that Countrywide securitized defective mortgage loans and breached certain representations and warranties made to Syncora in the relevant securitization documents.

       On June 23, 2011, EMC sent a letter to your Honor requesting a pre-motion conference to address Syncora's refusal to produce the *Countrywide* transcripts. (*See* Exhibit A (letter without attachments).)  As set forth in that letter, EMC is clearly entitled to discover the *Countrywide* transcripts under Rules 26(b) and 32(a) of the Federal Rules of Civil Procedure and to use them in its depositions of Syncora witnesses in this lawsuit.  *See, e.g., Thong* v. *Andre Chreky Salon*, 247 F.R.D. 193 (D.D.C. 2008); *Insul-Wool Insulation Corp.* v. *Home Insulation, Inc.*, 176 F.2d 502, 503-04 (10th Cir. 1949).  To date, the Court has not scheduled a conference on this matter.

*MEMO ENDORSED*

The Honorable Paul A. Crotty                                    -2-

        In light of the October 14 cutoff for fact discovery, EMC has been proceeding with deposition discovery of Syncora witnesses without the benefit of the *Countrywide* transcripts, while also trying to resolve this dispute directly with Syncora over a number of months. Syncora, however, takes the position that these transcripts are neither relevant nor discoverable, even though Syncora has taken the exact opposite position in the *Countrywide* litigation itself, arguing there that transcripts from similar litigations are clearly relevant and discoverable. EMC is now at the point where, without immediate assistance from this Court, it may suffer irreparable damage. After the close of fact discovery, EMC will no longer have the opportunity to use the *Countrywide* transcripts in its depositions of Syncora witnesses or to question those witnesses at deposition concerning any prior inconsistent statements made in the *Countrywide* action.

        For the Court's convenience, we briefly summarize below the relevant history of this discovery dispute:

        ***Syncora Obtains Possession of the Ambac Transcripts.*** In July or August 2010, Syncora obtained possession of deposition transcripts of EMC witnesses deposed in *Ambac Assurance Corp.* v. *EMC Mortgage Corp.*, No. 08 Civ. 9464 (RMB) (S.D.N.Y.) (the "*Ambac* transcripts"). Syncora's lawyers—Patterson Belknap Webb & Tyler LLP—also represent Ambac and subpoenaed *themselves* for production of the *Ambac* transcripts over EMC's objections. Putting aside the transparency of this gambit, Syncora argued that the *Ambac* transcripts are "clearly . . . relevant" to this action and that "Rule 32 allows Syncora to use the deposition of an EMC employee taken in the Ambac action against the same employee in the Syncora action." (*See* Exhibit B.)

        ***EMC Requests Production of the Countrywide Transcripts.*** Upon learning that several Syncora witnesses in this action were deposed in the *Countrywide* action, EMC requested that Syncora produce the *Countrywide* transcripts. EMC made this request in April 2011, nearly five months ago—and six weeks before depositions in this case were set to recommence after the end of the stay of depositions obtained by Syncora in November 2010 during the pendency of its unsuccessful motion to amend its complaint. (*See* Exhibit C.) The transcripts EMC has requested involve many of the witnesses EMC has deposed or seeks to depose in this action testifying about the same general subject areas at issue in this action. Among other things, the transcripts are likely to provide important information about individual witness's knowledge and particular roles, include admissions, and identify potential inconsistencies in positions being advanced in this action by Syncora.

        ***Syncora Refuses to Produce the Countrywide Transcripts.*** Incredibly, given the position it took in "obtaining" the transcripts it wanted of EMC witnesses in the *Ambac* litigation, Syncora has taken the position that the *Countrywide* transcripts of its employees and former employees are not relevant to this litigation and accordingly not

The Honorable Paul A. Crotty                                                           -3-

discoverable. Syncora has maintained this legally indefensible and inconsistent position even though it has possession of the *Ambac* transcripts. When EMC reminded Syncora of this fact, Syncora was unmoved. Perhaps even more incredibly, Syncora took the position that while the *Ambac* transcripts are "unquestionably relevant" to this action, the *Countrywide* transcripts are not. (*See* Exhibit D.) Accordingly, on June 23, 2011, EMC submitted its letter to the Court requesting a pre-motion conference on this issue. In its response, Syncora represented to this Court that the *Countrywide* transcripts were irrelevant because the issues in the *Countrywide* litigation had "*nothing* to do" with the issues in this litigation. (*See* Exhibit E (letter without attachments).)

***EMC Discovers That Syncora Is Taking Further Inconsistent Positions.*** After submitting its pre-motion letter, EMC discovered that Syncora had taken a directly inconsistent position on this same issue in the *Countrywide* litigation. Specifically, Syncora had agreed to produce "deposition transcripts and exhibits from analogous pending cases for overlapping custodians," including transcripts of its witnesses deposed in this action. More significantly, Syncora also took the position that it needed deposition transcripts of Countrywide witnesses who were deposed in other "analogous pending cases" *before* taking depositions in the *Countrywide* action. As Syncora explained to Countrywide, "all transcripts from . . . all other litigation brought by other monoline insurers against Countrywide . . . is likely relevant to the [*Countrywide* action]." These positions directly contravene the stance it has taken with EMC in this action. Consequently, on July 29, 2011, EMC sent a letter to Syncora, reiterating its request that Syncora voluntarily produce the *Countrywide* transcripts in light of Syncora's position in the *Countrywide* litigation. (*See* Exhibit F.)

***Syncora Resorts to Delay Tactics.*** On August 9, 2011, when confronted with its own inconsistent statements, Syncora proposed a so-called "bilateral exchange of deposition transcripts," as if Syncora was not already in possession of the *Ambac* transcripts. Of course, Syncora's demand for a "bilateral exchange" as a condition to its production of the *Countrywide* transcripts ignores that the production of those transcripts would finally place the parties on equal footing. Nevertheless, in its continued efforts to negotiate in good faith on this issue and to expedite the production of the *Countrywide* transcripts, EMC agreed to produce additional transcripts and offered reasonable and simple terms to facilitate the exchange. In particular, EMC proposed that EMC and Syncora would each produce deposition transcripts in their possession of witnesses deposed in other litigations or investigations where the questioning included topics relevant to this case. (*See* Exhibits G and H.)

Syncora again refused to cooperate. Rather, Syncora wanted to engage in further negotiations, claiming that it could not "premise [its] agreement to produce transcripts from a specific litigation on an undefined promise by EMC to produce

The Honorable Paul A. Crotty                                                                -4-

transcripts that it alone determines are relevant." As EMC noted to Syncora, this is purely a delay tactic. Discovery under Rule 26 involves "relevant" evidence (which of course need not itself be admissible); one cannot permissibly demand discovery of evidence that is not relevant. This dispute over whether Syncora is entitled to every transcript of every EMC witness deposed in every litigation identified by Syncora to which EMC is a party, even if the testimony does not involve RMBS issues, cannot justify Syncora's refusal to produce to EMC a clearly defined and limited set of transcripts of Syncora witnesses from a single litigation where the questioning admittedly involved relevant topics. EMC cannot abide further delay, as depositions in this case are continuing to go forward and the fact discovery cutoff is just six weeks away. (*See* Exhibit I.)

On August 29, 2011, EMC once again proposed the simple terms for a "bilateral exchange" and demanded that Syncora produce the *Countrywide* transcripts by September 1, 2011, before any further depositions of Syncora witnesses take place. (*See* Exhibit J.) Syncora refused. (*See* Exhibit K.)

The Honorable Paul A. Crotty                                                -5-

*       *       *

In sum, for nearly five months, Syncora has refused to produce the *Countrywide* transcripts, which are clearly relevant and discoverable. *See* Fed. R. Civ. P. 26(b), 32(a). The prejudice to EMC is obvious—depositions of Syncora witnesses have been ongoing since May and eleven additional depositions of Syncora witnesses have been noticed to take place before the fact discovery deadline on October 14. EMC is entitled to discover the *Countrywide* transcripts before those depositions, just as Syncora has obtained possession of the *Ambac* transcripts in advance of depositions of EMC witnesses. EMC therefore respectfully requests that the Court compel the immediate production of the *Countrywide* transcripts. EMC further requests that it be permitted to postpone the relevant upcoming depositions until after delivery of these transcripts, including after the fact discovery cutoff if necessary.

Respectfully submitted,

*Robert A. Sacks /aje*

Robert A. Sacks

(Attachments)

cc: Matthew J. Shepherd, Esq.
(Patterson Belknap Webb & Tyler LLP)

Eric Whitney, Esq.
(Greenberg Traurig, LLP)

Nicholas J. Panarella, Esq.
(Kelley Drye & Warren LLP)