USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 5-31-12

McGuireWoods LLP
1345 Avenue of the Americas
New York, N 10105-0106
Phone 212.548.2100
Fax 212.548.2150
www.mcguirewoods.com

Jeffrey I. Chapman
Direct: 212.548.7060                    jchapman@mcguirewoods.com

*[Handwritten note from the Court:]*
There is no need for a pre motion conference. It
would be a waste of time and energy. Syncora has already
deposed Yasinsky, Kollowe as Ellis and does not seek
to depose them again. Syncora seeks to depose Dettor; it
is entitled to that deposition — and so far as this Court is
concerned without precondition, and the need to conduct with
discovery in other proceedings. The deposition of Mr Dettor
should be taken, not stayed.  So ordered.
                                        Paul A. Crotty
                                        USDJ

May 25, 2012

By Facsimile

Honorable Paul A. Crotty
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Syncora Guarantee, Inc. v. EMC Mortgage Corporation, et al.*, No. CV-09-3106 (PAC)

Dear Judge Crotty:

Pursuant to Rule 3C of Your Honor's Individual Practices, non-party witnesses Carol Dettor, Susan Yasinitsky, Dean Kollowe and D. Michael Ellis (collectively, the "Non-Parties") respectfully request a pre-motion conference to address an anticipated motion for protective order directing all parties in the subject action and in any related actions to coordinate discovery prior to seeking further depositions of Non-Parties.

Non-Parties conferred with counsel for Syncora and EMC by telephone on May 17, 2012 regarding the issues in the subject motion, but a pre-motion conference with the Court appears to be necessary to obtain a resolution of the issues presented. Counsel for Non-Parties informed Syncora in the call that it intended to seek relief in the form of a protective order.

#### Dispute and Need for Anticipated Motion

This Court has permitted Syncora to pursue depositions of Non-Parties in this action, and all of the Non-Parties except for Carol Dettor have been deposed. Further, Ms. Dettor has no objection to appearing for a deposition in San Francisco, California, under the conditions that have previously been stipulated to by all parties and Non-Parties.

The reason for Non-Parties' instant motion is that recently, a demand has been made by Syncora's counsel in this case, Patterson Belknap, that each of the previously-deposed Non-Parties make themselves available *again* for depositions in a related action, *Assured Guaranty Corporation v. DB Structured Products, Inc.*, Index No. 651824/2010 (N.Y. Sup. Ct.), in which Syncora's counsel also represents the plaintiff, and in which the issues raised by the plaintiff against the defendants are similar.[1] Syncora's counsel has refused to coordinate its deposition requests upon Non-Parties with the other parties to the related cases, has refused even to coordinate with its own

---

[1] The other related cases known to Non-Parties include *Assured Guaranty Corp. v EMC Mortgage LLC*, et al., Index No. 650805/2012 (N.Y. Sup. Ct.), and *Ambac Assurance Corp v EMC Mortgage LLC*, Index No. 651013 2012 (N.Y. Sup. Ct.). Each of the cases involves claims relating to alleged deficiencies in GreenPoint loan products and GreenPoint's allegedly poor underwriting practices.

Honorable Paul A. Crotty
May 25, 2012
Page 2

firm lawyers who are seeking to re-depose the Non-Parties, and has refused to take any actions whatsoever to help alleviate the burden multiple depositions would impose upon these Non-Parties.

As stated at the telephonic conference on May 17, 2012 and in follow-up correspondence, Syncora's counsel's position is that each action is entirely independent, Patterson Belknap's clients have a separate right to conduct discovery in each case, and so Patterson Belknap has no obligation to coordinate its discovery requests either internally or with the other parties' counsel. Non-Parties respectfully disagree and, therefore, request a protective order from this Court. *See, e.g., National Indep. Theatre Exhibitors. Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th Cir. 1984) (indicating that a motion for protective order should be filed as soon as possible, and before the discovery procedure is set to occur).[2]

Each of the Non-Parties filing this letter is an individual person, not a corporation, and each has a job and family responsibilities that are being disrupted by these multiple deposition requests from Syncora's counsel. None of the Non-Parties has been designated as a 30(b)(6) witness for GreenPoint, none is being paid to attend depositions, and none of their lives should be subject to such burden simply because the one law firm prosecuting each of these actions refuses to coordinate its discovery requests even among its own firm attorneys.

The burden Syncora's counsel is attempting to impose upon Non-Parties is excessive and may be entirely avoidable by coordination. Furthermore, courts are "particularly sensitive to any prejudice to non-litigants drawn against their will into the legal disputes of others." *Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, No. 92Civ9264, 1994 U.S. Dist. LEXIS 261, at *7 (S.D.N.Y. Jan. 13, 1994). To that end, courts should take particular care to ensure that non-parties do not bear excessive burden from discovery demands by parties. *See, e.g., Dart Indus. Co., Inc. v. Westwood Chem Co., Inc.*, 649 F. 2d 646, 649 (9th Cir. 1980); *Arthrex, Inc. v. Parcus Med. LLC.* No. 1:11-MC-107, 2011 U.S. Dist. LEXIS 148555, at *14 (S.D. Ind. Dec. 21, 2011) ("[W]ith non-party discovery under Rule 45, the court must be especially vigilant to protect the non-party from undue burden and expense."); *see also Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (stating that a non-party "is entitled to have the benefit of th[e] [c]ourt's vigilance" in considering whether discovery requested of the non-party is overly burdensome); *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. Mar. 30, 1988) ("Of significance . . . is the Society's status as a non-party to this litigation.").

Under Rules 26 and 45, this Court has broad discretion to set conditions upon depositions to reduce the burden likely to be placed upon Non-Parties by deposition demands. Fed. R. Civ. P. 26(c)(1), 45(c)(1). Indeed, in determining whether good cause exists for a protective order, one of the factors considered is whether sharing of information among litigants will promote fairness and efficiency in the litigation. *See, e.g., Foltz v. State Farm Mutual Auto. Ins. Co.,* 331 F.3d 1122, 1131 (9th Cir. 2003) ("Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery."); *In re: Rite Aid Corp. Wage and Hour Employment Practices Litig.*, 655 F. Supp. 2d 1376, 1377 (J.P.M.L. 2009) ("Cooperation among counsel and the parties is particularly appropriate here, where plaintiffs in four of the six actions encompassed by the motion share counsel.").

[2] Yesterday, counsel for Syncora filed a motion in the Northern District of California to compel Non-Party Carol Dettor's testimony. The return date of the motion is June 29.

Honorable Paul A. Crotty
May 25, 2012
Page 3

This Court's orders are not limited in application to the instant case, nor even to matters pending in federal court. *See e.g., Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra,* 198 F.3d 473, 479 (4th Cir. 1999) (federal court has jurisdiction and discretion to control discovery even where no lawsuit filed, and likely lawsuit would be in state court, not federal court); *Beecham Corp. v. Synthon Pharm Ltd.,* 210 F.R.D. 163, 166 (M.D.N.C. 2002) (protective order issued in one court governs use of material in different court).

There is no need to depose a witness multiple times in order to ask the exact same question. For example:

1. Syncora's counsel could be ordered to provide notice of each deposition to the parties in the other related, pending actions, along with an opportunity to attend and question each witness. Any party that chose not to attend the deposition could be precluded from seeking a second deposition. *See* Fed. R. Civ. Proc. 26(c)(1)(E) (the Court may designate "the persons who may be present while the discovery is conducted").

2. Syncora's counsel could be ordered to provide copies of the witnesses' deposition transcripts to the parties in the other litigations, pursuant to the terms of an appropriate confidentiality order, and this Court could order that the witnesses not be deposed again absent a showing of good cause, on the limited areas of inquiry where the witness has not already been deposed.

3. Syncora's counsel could be ordered to confer internally and with the other counsel in the related actions before seeking subsequent depositions of each witness, to attempt to ensure that there is no duplication of deposition requests that is not supported by good cause.

4. The deposition of Ms. Dettor could be stayed and continued to some later date, at which time discovery in all of the related cases would have proceeded to such a point that all of the related parties would be ready to depose Ms. Dettor in a single deposition.

If other parties have legitimate needs to depose Non-Parties, and doing so will not result in duplicative questioning, Non-Parties are not seeking to thwart any ability to do so. If this Court finds that good cause exists for additional testimony, Non-Parties simply request that it be limited, scheduled, and conditioned to minimize the impact on Non-Parties.

Respectfully submitted

Jeffrey J. Chapman
Attorneys for Non-Parties Carol Dettor, Susan
Yasinitsky, Dean Kollowe and Michael Ellis

cc: All counsel (service list attached)

# COUNSEL LIST

*Syncora Guarantee Inc. v. EMC Mortgage Corporation*
1:09-cv-03106-PAC

## SYNCORA GUARANTEE INC.

### PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
212.336.2222 (fax)

> **Lia Marie Brooks**
> (212) 336-2222 (fax)
> lbrooks@pbwt.com

> **Erik Haas**
> (212) 336-2386 (fax)
> ehaas@pbwt.com

> **Matthew Jason Shepherd**
> (212) 336-1201 (fax)
> mjshepherd@pbwt.com

### VENABLE LLP
1270 Ave of the Americas
New York, NY 10020
(212) 307-5598 (fax)

> **William Hastings Devaney**
> whdevaney@venable.com

## EMC MORTGAGE CORPORATION

### GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
212.801.6400 (fax)

> **Anastasia Angelova Angelova**
> (212) 805-5580 (fax)
> angelovaa@gtlaw.com

# COUNSEL LIST

**KELLEY DRYE & WARREN, LLP (NY)**
101 Park Avenue
New York, NY 10178
(212) 808-7897 (fax)
(212) 808-7898 (fax)

> **John Morgan Callagy**
> (212) 808-7897 (fax)
> jcallagy@kelleydrye.com

**SULLIVAN & CROMWELL, LLP**
125 Broad Street
New York, NY 10004
212-558-3588 (fax)

> **Darrell Scott Cafasso**
> cafassod@sullcrom.com
>
> **David Allen Castleman**
> castlemand@sullcrom.com
>
> **Robert Andrew Sacks**
> (310)-712-8800 (fax)
> sacksr@sullcrom.com

*Assured Guaranty Municipal Corp. v. DB Structured Products, Inc. et al.*
*DB Structured Products, Inc. v. GreenPoint Mortgage Funding, Inc*
650705/2010

## ASSURED GUARANTY MUNICIPAL CORP.

### Patterson, Belknap, Webb & Tyler LLP

> **Aaron Wright**
> (212) 336-2222 (fax)
> awright@pbwt.com

## DB STRUCTURED PRODUCTS, INC.

**LATHAM WATKINS LLP**
885 Third Avenue
New York, NY 10022-4834
(212) 751-4864 (fax)

# COUNSEL LIST

**Noreen A. Kelly-Dynega**
noreen.kelly-dynega@lw.com

**William O. Reckler**
william.reckler@lw.com

## GREENPOINT MORTGAGE FUNDING, INC.

**MURPHY & MCGONIGLE, P.C.**
4870 Sadler Road
Glen Allen, VA 23060

> **Cameron Matheson**
> (804) 762-5361 (fax)
> cmatheson@mmlawus.com

> **James A. Murphy**
> (804) 762-5360 (fax)
> jmurphy@mmlawus.com

## LAZARE, POTTER & GIACOVAS LLP
950 Third Avenue
New York, NY 10022
(212) 888-0919 (fax)

> **David E. Potter**
> dpotter@lpgllp.com

*Ambac Assurance Corporation et al. v. EMC Mortgage LLC et al.*
651013/2012

## AMBAC ASSURANCE CORPORATION and THE SEGREGATED ACCOUNT OF AMBAC ASSURANCE CORPORATION

**Patterson, Belknap, Webb & Tyler LLP**

> **Peter W. Tomlinson**
> 212-336-2343 (fax)
> pwtomlinson@pbwt.com

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas     New York, NY 10036-6710     212.336.2000     fax 212.336.2222     www.pbwt.com

May 29, 2012

**By E-Mail**

Philip R. Forlenza
Partner
(212) 336-2140
Direct Fax  (212) 336-2094
prforlenza@pbwt.com

The Honorable Paul A. Crotty
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re:     **Syncora Guarantee Inc. v. EMC Mortgage Corporation**
>              **Index No.  09 CV 3106 (PAC)**

Dear Judge Crotty:

        We represent Plaintiff Syncora Guarantee Inc. ("Syncora") in the above-referenced action, and we write to respond to the May 25, 2012 letter from McGuireWoods, counsel for several former employees of GreenPoint Mortgage Corp. ("GreenPoint").  For the reasons discussed below, we respectfully request that Your Honor reject McGuireWoods' attempt to forestall lawful discovery in this action.

        In our letter to the Court dated April 27, 2012, we referenced the fact that GreenPoint, working in lock step with counsel for its former employees, has attempted at every turn to impose onerous limitations and restrictions to prevent Syncora from conducting a full investigation of its employees.  Indeed, Syncora has now had to engage in motion practice **four times** to enforce its basic right to conduct third-party depositions of current and former GreenPoint employees.[1]  Having failed in those efforts, GreenPoint is now taking its obstruction to a whole new level, claiming that Syncora cannot depose former GreenPoint employees unless and until it agrees to coordinate and share one deposition of each witness with all of the parties in several unrelated actions in New York state court that have **nothing to do with Syncora**, based merely on the fact that Syncora's counsel, Patterson Belknap Webb & Tyler ("Patterson Belknap"), happens to represent the plaintiffs in those actions.

        Notwithstanding the obvious lack of merit in that position (discussed further below), McGuireWoods' attempt to raise this issue with Your Honor is completely inappropriate, because the issues in its proposed motion have **nothing to do with discovery in this action**.  Three of the four former GreenPoint employees represented by McGuireWoods (Yasinitsky, Kollewe, and Ellis)

---

[1] Syncora prevailed in two of those motions (regarding GreenPoint employee Rose Medina and former employee Leslie Gibin).  In a third (regarding former GreenPoint employee Susan Yasinitsky), McGuireWoods withdrew its motion to quash only after Syncora submitted its opposition papers.  And a fourth, regarding former GreenPoint employee Carol Dettor, is currently pending in the Northern District of California.

The Honorable Paul A. Crotty
May 29, 2012
Page 2

have already been deposed in this action, and Syncora does not intend to seek any additional deposition time with them.  Instead, "the reason for Non-Parties' instant motion" is that former employees that have already been deposed by Syncora have been noticed for deposition in an unrelated state-court action "in which Syncora's counsel also represents the plaintiff."  (5/25 Ltr. at 1).  Thus, McGuireWoods is requesting that Your Honor intervene in several unrelated state-court actions to dictate whether and how third-party depositions should be conducted in those actions.  That is not an appropriate request.

        The only witness represented by McGuireWoods that Syncora has not yet deposed is Carol Dettor.[2]  Syncora issued a subpoena for her deposition testimony on April 26, but McGuireWoods refused to produce Ms. Dettor to testify unless Syncora (1) agreed to share one deposition with no less than five other parties in three separate state-court actions[3], thereby limiting Syncora's time to depose the witness to just over one hour; and (2) secured the agreement of every party in those actions to a similar limitation of their rights.  Unable to agree to that onerous demand, Syncora filed a motion to compel Ms. Dettor's testimony in the Northern District of California on May 24.  A copy of Syncora's moving brief is attached as Exhibit A to this letter.  McGuireWoods' opposition to that motion is due on June 7.

        Not content to resolve this dispute in the proper forum where Ms. Dettor resides, McGuireWoods has now engaged its New York offices to seek approval directly from this Court of its attempt to inhibit Syncora's right to depose Ms. Dettor.  We respectfully request that Your Honor reject that attempt for the following reasons.

        McGuireWoods' demands conflict directly with a previous ruling in this case from Judge Illston in the Northern District of California, which held that, **even within this one action**, Syncora and EMC had the right to conduct separate seven-hour depositions of a former GreenPoint employee.[4]  Moreover, beside the inequity of limiting Syncora to a mere fraction of one deposition to examine Ms. Dettor, the agreement that McGuireWoods is demanding is essentially impossible for Syncora to provide.  Each of the cases that McGuireWoods contends should be coordinated involve different parties, different transactions and mortgages, and different documents and communications specific to each action, and thus, the circumstances of each case necessarily give rise to a unique set of questioning.  Moreover, each case is on a different procedural track – in some

---

[2] Based on discovery obtained to date, Ms. Dettor was the Manager of the Loan Delivery Department, a subgroup of GreenPoint's Secondary Marketing Department.  In that capacity, at minimum, we expect that Ms. Dettor has important knowledge regarding the identification and resolution of material loan defects in connection with GreenPoint's sale to EMC of the loans in the Transaction.

[3] Those actions are: *Assured Guaranty Corp. v. EMC Mortgage Corp.*, Case No. (N.Y. Sup. Ct. filed March 15, 2012) (unassigned); *Ambac Assurance Corp. v. EMC Mortgage, LLC*, Index No. 650421/2011 (N.Y. Sup. Ct. filed Feb. 17, 2011) (Ramos, J.); *Assured Guaranty Municipal Corp. v. D.B. Structured Products, Inc.*, Index No. 650705/2010 (N.Y. Sup. Ct. filed June 23, 2010) (Kornreich, J.).  GreenPoint is a third-party defendant in the *Assured v. D.B.* action.

[4] *See Syncora Guarantee v. EMC Mortgage Corp.*, Misc. No. 3:12-mc-80028 (N.D. Cal. March 8, 2012) (Illston, J.).

The Honorable Paul A. Crotty
May 29, 2012
Page 3

instances, discovery from GreenPoint is still in its early stages – so plaintiffs in some actions are not
even in a position to determine **whether** to depose Ms. Dettor, much less what topics to cover.
Thus, McGuireWoods' contention that the actions are "related" appears to be based on nothing
more than the fact that the plaintiffs in those actions are all represented by the same law firm.[5]  The
simple fact that multiple plaintiffs are represented by the same law firm does not make their cases
"related," or require those plaintiffs to engage in an onerous coordination effort with multiple
parties in separate litigations.

         The practical implication of McGuireWoods' demand would be to substantially
inhibit Syncora's ability to conduct relevant third-party discovery.  Syncora would be required to
share one deposition with no less than five other parties, which even for an extended deposition of
eight hours, would limit Syncora to only 80 minutes, far less than it requires to fully examine a
witness with the extent of relevant knowledge that Ms. Dettor has.  But more than that, though Ms.
Dettor has to date only been subpoenaed in this action, McGuireWoods is purporting to deprive
Syncora of its right to depose the witness, unless and until every party in three other actions (not
just those represented by Patterson Belknap) agrees to a similar limitation of their rights.  Such an
agreement will necessarily involve a lengthy negotiation unlikely to result in the agreement of every
party.  The present action, however, is in its final weeks of discovery, and Syncora – which has
served a subpoena for Ms. Dettor's deposition and is ready to take it now – should not be prejudiced
by any further delay to its schedule that such a negotiation would cause.

         In sum, McGuireWoods does not have a valid basis for refusing to produce Ms.
Dettor for a deposition in this case.  Ms. Dettor's testimony is relevant to Syncora's causes of
action, and her counsel has made no claim to the contrary.  Ms. Dettor has not been deposed in this
or any other action pertaining to the Transaction at issue, and though Syncora and EMC have served
Ms. Dettor in this action, the parties have agreed to share one eight-hour deposition of the witness.
Thus, McGuireWoods cannot argue any undue burden in connection with her deposition in this
action.  Indeed, McGuireWoods' sole issue pertains to the possibility that Ms. Dettor may be
deposed in the future in actions unrelated to this one.  That is not a legitimate basis for denying
Syncora's right to depose Ms. Dettor in this action.

         We therefore respectfully request that this Court reject McGuireWoods' attempt to
impose unreasonable restrictions on Syncora's right to depose Ms. Dettor.

                         Respectfully submitted,

                         Philip R. Forlenza
                         Patterson Belknap Webb & Tyler LLP
                         *Attorneys for Plaintiff Syncora Guarantee Inc.*

---

[5] To illustrate that point, McGuireWoods has not purported to require Syncora to coordinate efforts with any
litigations involving plaintiffs not represented by Patterson Belknap.

The Honorable Paul A. Crotty
May 29, 2012
Page 4

cc:    Jeffrey J. Chapman, Esq.
       Robert Sacks, Esq.
       Eric N. Whitney, Esq.

# Exhibit A

1   James A. Murphy – CA Bar No. 062223
    *jmurphy@mpbf.com*
2   John P. Girarde – CA Bar No. 191518
    *jgirarde@mpbf.com*
3   MURPHY, PEARSON, BRADLEY & FEENEY
    88 Kearny Street, 10th Floor
4   San Francisco, CA  94108-5530
    Tel:    (415) 788-1900
5   Fax:    (415) 393-8087

6   Erik Haas – NYS OCA # 2621225 *(admitted pro hac vice)*
    *ehaas@pbwt.com*
7   Lia Brooks – NYS OCA # 4672119 *(admitted pro hac vice)*
    *lbrooks@pbwt.com*
8   PATTERSON BELKNAP WEBB & TYLER LLP
    1133 Avenue of the Americas
9   New York, NY  10036
    Tel:    (212) 336-2000
10  Fax:    (212) 336-2222

11  *Attorneys for Plaintiff Syncora Guarantee Inc.*

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15  SYNCORA GUARANTEE INC., formerly        Case No: 3:12-mc-80075-SI
    known as XL CAPITAL ASSURANCE, INC.,
16                                          [Pending in the U.S.D.C. for the Southern Dist.
            Plaintiff,                      of New York, Civil Action No. 09 CV 3106
17                                          (PAC)]
    v.
18                                          **NOTICE OF MOTION AND MOTION TO**
    EMC MORTGAGE CORPORATION,               **COMPEL DEPOSITION TESTIMONY;**
19                                          **MEMORANDUM OF POINTS AND**
            Defendant.                      **AUTHORITIES IN SUPPORT**
20
21                                          Date:       June 29, 2012
                                            Time:       9:00 a.m.
22                                          Courtroom:  10 - 19th Floor
                                            Judge:      Honorable Susan Illston
23

24

25

26

27

28

1  ## NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY

2        PLEASE TAKE NOTICE, that pursuant to Civil Local Rules 7 and 37 of the

3  Northern District of California, on June 29, 2012 at 9:00 a.m., or as soon thereafter as counsel

4  may be heard, Plaintiff Syncora Guarantee Inc. ("Syncora"), will move this Court for an order

5  pursuant to Fed. R. Civ. P. 37(a) compelling non-party Carol Dettor to appear for deposition

6  pursuant to a subpoena duces tecum issued under Fed. R. Civ. P. 45. The motion will be made

7  before the Honorable Susan Illston, in Courtroom 10 of this Court, located at 450 Golden Gate

8  Avenue, 19th Floor, San Francisco, California 94102.

9        Pursuant to Local Rule 37-1 Syncora represents that it has conferred with counsel

10  for Ms. Dettor but that after conferring, Ms. Dettor has refused to appear for deposition absent a

11  protective order.

12        Syncora requests that this Court order the deposition of Ms. Dettor to proceed.

13

14  DATED: May 24, 2012           MURPHY, PEARSON, BRADLEY & FEENEY

15                        By:    */s/ John P. Girarde*

16                        John P. Girarde
                      Attorneys for Plaintiff
                      *Syncora Guarantee Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT

1       **MEMORANDUM OF POINTS AND AUTHORITIES**

2       **I.     PRELIMINARY STATEMENT**

3               This is the **fourth time** that Syncora has been forced to engage in motion practice

4       – and the third time before this Court – to enforce its basic right to conduct third-party

5       depositions of current and former employees of GreenPoint Mortgage Funding Inc.

6       ("GreenPoint") in its breach-of-contract action against EMC Mortgage Corp. ("EMC").[1]

7       GreenPoint, working in lock step with counsel for its former employees, has at every turn

8       attempted to impose onerous limitations and restrictions to prevent Syncora from conducting a

9       full investigation of its employees.

10              The reason for that effort is plain.  Notwithstanding its third-party status,

11      GreenPoint played a substantial and critical role in the circumstances at the core of this case.

12      GreenPoint originated the mortgages that serve as collateral for the Transaction at issue in this

13      case, then sold them in the secondary market to EMC, which in turn bundled and securitized the

14      mortgages into the Transaction.  GreenPoint gave EMC contractual warranties concerning the

15      quality of the loans in the Transaction, and the processes involved in the underwriting,

16      origination and review of the loans, and EMC, in turn, gave those same warranties to the

17      securitization participants, including Syncora, the note insurer.  As a result, GreenPoint's policies

18      and procedures, and its origination of the mortgages at issue, are unquestionably relevant to

19      Syncora's claims that EMC breached its contractual warranties.  Indeed, as we have stated in a

20      previous motion,[2] EMC initially threatened to file a third-party complaint against GreenPoint in

21      this action, and it has become increasingly clear that GreenPoint only averted that threat by

---

22

23      [1] Syncora prevailed in two of the motions. *See Syncora Guarantee Inc. v. EMC Mortgage Corp.*, Misc.
        No. 2:12-mc-00007 (E.D. Cal. March 12, 2012) (Brennan, J.) (granting Syncora's motion for continuation
24      of the deposition of GreenPoint's 30(b)(6) witness, Rose Medina) and *Syncora Guarantee Inc. v. EMC
        Mortgage Corp.*, Misc. No. 3:12-mc-80028 (N.D. Cal. March 8, 2012) (Illston, J.) (upholding Syncora's
25      right to a full 7-hour deposition of former GreenPoint employee, Leslie Gibin).  In the third, counsel for
        former GreenPoint employee Susan Yasinitsky (who also represents the witness at issue in this motion)
26      withdrew its motion to quash only after Syncora submitted its opposition papers. *Syncora Guarantee Inc.
        v. EMC Mortgage Corp.*, Misc. No. 12-MC-80075-SI (N.D. Cal. April 3, 2012).

27      [2] *See* Opp. Brief at 5, *Syncora Guarantee Inc. v. EMC Mortgage Corp.*, Misc. No. 3:12-mc-80028-SI
        (N.D. Cal. Feb. 21, 2012).

28
                                                        1
        NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY; MEMORANDUM OF POINTS AND
                                    AUTHORITIES IN SUPPORT

1   agreeing to cooperate fully with EMC's defense.  As such, Syncora is entitled to conduct a full

2   investigation of GreenPoint, and to do that, we have needed to take the depositions of certain

3   former GreenPoint employees.  Yet in each instance where we have attempted to do so, counsel

4   for GreenPoint's former employees – working at the direction and expense of GreenPoint – has

5   attempted to put baseless obstacles in our way.

6   　　　　　　Most recently, on April 26, 2012, Syncora served a third-party subpoena on Carol

7   Dettor seeking testimony in connection with her former work as Manager of the Loan Delivery

8   Department at GreenPoint.  In that capacity, at minimum, we expect that Ms. Dettor has

9   important knowledge regarding the identification and resolution of material loan defects in

10   connection with GreenPoint's sale of loans to EMC.  At no point has Ms. Dettor's counsel

11   questioned the relevance of her knowledge.  Instead, counsel has refused to make Ms. Dettor

12   available for a deposition unless and until Syncora agrees to coordinate and share one deposition

13   of the witness with the parties in several unrelated actions in New York state court that have

14   **nothing whatsoever to do with Syncora,** based merely on the fact that Syncora's counsel,

15   Patterson Belknap Webb & Tyler ("Patterson Belknap"), happens to represent the plaintiffs in

16   those actions.  Thus, Ms. Dettor's counsel has asserted that Syncora can only depose the witness

17   if it agrees to share one deposition with no less than five other parties, thereby limiting Syncora's

18   time to depose the witness to **just over one hour.**

19   　　　　　　Such a demand is simply unsupportable, for many reasons.  Beside the obvious

20   inequity of limiting Syncora to a mere fraction of one deposition to examine Ms. Dettor, such

21   coordination is essentially impossible.  Each of the cases that Ms. Dettor contends should be

22   coordinated involve different parties, different transactions and mortgages at issue, and different

23   documents and communications specific to each action, and thus, the circumstances of each case

24   necessarily give rise to a unique set of questioning.  Moreover, each case is on a different

25   procedural track – in some instances, discovery from GreenPoint is still in its early stages – so

26   plaintiffs in some actions are not even in a position to determine **whether** to depose Ms. Dettor,

27   much less what topics to cover.  Finally, the agreement Ms. Dettor's counsel is attempting to

28

2

1   force would require the participation of all the parties (not just those represented by Patterson

2   Belknap) in no less than four unrelated actions, and as such, will necessarily involve a lengthy

3   negotiation unlikely to result in the agreement of every party. The present action, however, is in

4   its final days of discovery, and Syncora – which has served a subpoena for Ms. Dettor's

5   deposition and is ready to take it now – should not be prejudiced by any further delay to its

6   schedule that such a negotiation would cause.

7          We therefore respectfully request that the Court grant Syncora's motion and

8   compel Ms. Dettor to appear for a full and complete deposition pursuant to Syncora's subpoena.

9   **II.      BACKGROUND FACTS**

10         **A.      The Underlying Action**

11         As set forth in Syncora's previous motion papers before this Court, Syncora

12  commenced the underlying breach-of-contract action against EMC on March 9, 2009 in the

13  Southern District of New York, alleging contract-based claims for EMC's material breaches of

14  express representations and warranties relating to a residential mortgage-backed "securitization"

15  transaction known as GreenPoint Mortgage Funding Inc. 2007-HE1 (the "Transaction").

16  *Syncora Guarantee Inc. v. EMC Mortgage Corp.*, No. 09-CV-3106 (S.D.N.Y. filed March 31,

17  2009).[3] The action is currently pending before Honorable Paul A. Crotty and fact discovery is

18  scheduled to close on May 25, 2012, though the parties are continuing to complete outstanding

19  discovery.

20         EMC effectuated the Transaction, which closed in March 2007, by selling nearly

21  10,000 mortgage loans to a securitization trust, which in turn issued notes to investors that were

22  to be paid down by the cash flow from the loans. GreenPoint originated and sold to EMC all of

23  the loans in the Transaction.

24         To enhance the marketability of the notes issued by the trust, EMC induced

25  Syncora to issue an insurance policy guaranteeing payments to certain of the notes issued from

26  the trust. EMC persuaded Syncora to issue its policy by, among other things, making express

27  _____

[3] Syncora's complaint in its lawsuit against EMC (the "Complaint") is attached as Exhibit 1 to the

28  Declaration of Lia Brooks ("Brooks Decl.").

3

NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT

1  contractual representations and warranties to Syncora attesting to the key attributes and quality

2  of the GreenPoint loans.  For example, EMC expressly represented and warranted that each

3  individual loan in the Transaction was originated by GreenPoint in accordance with GreenPoint's

4  underwriting guidelines and pursuant to a methodology that confirmed that the borrower had the

5  ability and willingness to repay the loan, and that the loan was not originated through improper

6  means (*e.g.*, fraud, error, omission, misrepresentation, negligence, or similar occurrence on the

7  part of any party involved in the origination of the loan, including GreenPoint, the borrower or

8  EMC).  *See* Brooks Decl. Ex. 1 at ¶¶ 3, 39.  To further ensure the quality of the collateral and its

9  conformity with representations and warranties, Syncora understood that at the time GreenPoint

10  sold the loans to EMC, EMC conducted due diligence to purportedly weed out loans with

11  material credit and compliance defects.

12      In its complaint, Syncora alleges that a significant majority of loans in the

13  Transaction breach one or more of EMC's express representations and warranties.  The most

14  prevalent and troubling breaches identified by Syncora involve (i) rampant misrepresentations

15  about borrower income, employment, and intentions to occupy the property and (ii) GreenPoint's

16  abject failure to adhere to prudent mortgage-lending practices and its own underwriting

17  guidelines when it originated the loans.  (*See id.* ¶¶ 6, 51.)  Through June 2, 2011, the

18  Transaction has suffered more than $404 million in losses, and as a result, Syncora has paid more

19  than $320.2 million in insurance claims.

20      EMC was one of several investors that GreenPoint sold loans to in the secondary

21  market.  GreenPoint supplied EMC with a steady stream of loans, and was one of EMC's highest

22  volume sellers.  In connection with each loan sale, GreenPoint provided to EMC the same

23  warranties that EMC provided to Syncora.  That is, when GreenPoint sold the loans to EMC,

24  GreenPoint gave EMC certain warranties regarding the quality and attributes of the loans.  When

25  EMC sold the loans to the securitization, it made those same warranties to Syncora.  After

26  GreenPoint sold the loans to EMC, EMC was entitled to, and did, assert breaches of warranties

27  against GreenPoint in the normal course of its business.  Thus, when Syncora served EMC with

28

NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT

1    formal notice of breaches of warranties (and demanded that EMC repurchase the loans from the

2    securitization), EMC in turn gave formal notice to GreenPoint to repurchase from EMC those

3    same loans for the same breaches (pursuant to the contract between EMC and GreenPoint), while

4    simultaneously denying Syncora's breach claims.

5          Although GreenPoint is not a party to the underlying action (because it is not a

6    signatory to the contracts between EMC and Syncora), both Syncora and EMC identified

7    GreenPoint as a source of discoverable information and knowledge relevant to the parties' claims

8    and defenses.

9    **B.**    **The Instant Motion**

10          On April 26, 2012, Syncora served a subpoena on Ms. Dettor seeking her

11    deposition testimony.[4] Based on discovery obtained to date, Ms. Dettor was the Manager of the

12    Loan Delivery Department, a subgroup of GreenPoint's Secondary Marketing Department.

13    Brooks Decl. ¶ 7. The Secondary Marketing Group was the primary department responsible for

14    pricing and selling GreenPoint's loans to investors like EMC. In connection with each sale of

15    the loans at issue, EMC contracted a third-party due diligence provider to review the loans for

16    material credit and compliance defects. Upon information and belief, GreenPoint's Loan

17    Delivery department was primarily responsible for coordinating such investor due diligence, and

18    resolving the issues and defect findings uncovered in the review. Document discovery reflects

19    that Ms. Dettor was at the heart of the process of analyzing the defects identified in the course of

20    EMC's and other investor's due diligence findings.

21          On May 10, 2012, Ms. Dettor's counsel informed Syncora's counsel that he

22    intended to file a motion for a protective order unless Syncora's counsel confirmed that Patterson

23    Belknap would not seek to re-depose Ms. Dettor on behalf of any other plaintiffs it represents in

24    unrelated actions involving GreenPoint loans. As noted above, Patterson Belknap represents

25    several financial-guaranty insurers in lawsuits pertaining to mortgage-backed securitizations. In

26    ─────────────

[4] On May 8, 2012, EMC served its own subpoena seeking Ms. Dettor's deposition testimony. Syncora

27    has agreed to share one eight-hour deposition of Ms. Dettor with EMC. The parties have previously
agreed to split time up to 8 hours with former GreenPoint employee-deponents Susan Yasinitsky, Mike

28    Ellis, and Dean Kollewe.

NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT

1    addition to representing Syncora in the instant federal action (as well as a related state-court

2    action against J.P. Morgan Securities LLC), Patterson Belknap currently represents two other

3    plaintiffs (Ambac Assurance Corp. and Assured Guaranty) in three unrelated actions involving

4    GreenPoint-originated loans, all of which are pending in New York state court.[5]  Each of those

5    actions concerns separate and distinct securitization transactions and different loans (originated

6    at different times). *See id.* ¶ 6.  In addition, each of the actions are operating under different case

7    schedules for discovery, and of the five, the instant action is the earliest case set for trial.  One

8    action, *Assured v. EMC*, does not even have a case scheduling order on file yet.  *See id.*

9    Presently, only Syncora has served a subpoena on Ms. Dettor for her deposition testimony.

10          On May 11, 2012, Ms. Dettor's counsel reiterated that it refused to produce Ms.

11   Dettor until Syncora's counsel agreed to share one deposition with all interested parties in the

12   unrelated actions, and until all the parties to those unrelated actions similarly agreed.  On May

13   14, 2012, Syncora responded that it was not able to accommodate Ms. Dettor's demand, because

14   the demand would require Syncora to split one deposition with as many as five other parties, the

15   actions were all on different schedules, and each action involved different transactions, different

16   documents, and different communications. *See id.* ¶ 8.

17          The parties engaged in a telephonic meet and confer with Ms. Dettor's counsel on

18   May 17, 2012, but were unable to resolve this dispute. *See id.* ¶ 9.  On May 21, 2012, Ms.

19   Dettor's counsel reiterated his position, stating that "at a minimum," Syncora's counsel must

20   agree to provide notice of Ms. Dettor's deposition to every party in the pending unrelated

21   actions, provide those parties an opportunity to appear and depose the witness during Syncora's

22   deposition, and secure their agreement that failure to appear waived their right to depose Ms.

23

24

25   [5]These other actions are: *Assured Guaranty Corp. v. EMC Mortgage Corp.*, Case No. (N.Y. Sup. Ct.
     filed March 15, 2012) (unassigned); *Ambac Assurance Corp. v. EMC Mortgage, LLC*, Index No.

26   650421/2011 (N.Y. Sup. Ct., filed Feb. 17, 2011) (Ramos, J.); *Assured Guaranty Municipal Corp. v. D.B.
     Structured Products, Inc.* Index No. 650705/2010 (N.Y. Sup. Ct. filed June 23, 2010) (Kornreich, J.).

27   GreenPoint is a third-party defendant in the *Assured v. D.B.* action.

28

NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT

1  Dettor in the future. Syncora immediately informed Ms. Dettor's counsel that, having failed to

2  reach agreement, we would file a motion to compel. *See id.* ¶ 10.

3

4  ## III.   ARGUMENT

5        Ms. Dettor does not have a valid basis for refusing to appear for a deposition in

6  this case. Ms. Dettor's testimony is unquestionably relevant to Syncora's causes of action, and

7  to date, her counsel has made no claim to the contrary. Ms. Dettor has not been deposed

8  previously in this or any other action pertaining to the Transaction at issue, and though Syncora

9  and EMC have separately served Ms. Dettor, the parties have agreed to share one eight-hour

10  deposition day with the witness. Thus, Ms. Dettor cannot argue any undue burden in connection

11  with her deposition in this action. Ms. Dettor's deposition should therefore proceed in this

12  action, irrespective of whether her testimony may be sought in the future in connection with

13  unrelated litigations.

14        During discovery, a party is entitled to discover "any nonprivileged matter that is

15  relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Ninth Circuit law favors a

16  "broad right of discovery." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) (internal

17  quotations omitted); *Berg v. Hoppe*, 352 F.2d 776, 779 (9th Cir. 1965). Further, under Rule

18  30(a)(1) a party may obtain relevant information by deposing "any person" whether or not that

19  person is a party to the litigation. *See Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d

20  1146, 1158 (9th Cir. 2010) (noting that Rule 30 authorizes depositions of nonparties); Fed. R.

21  Civ. P. 30(b) (authorizing subpoenas for the deposition of non-party organizations. Ms. Dettor's

22  counsel does not refute the relevance of Ms. Dettor's testimony, nor can it. As indicated earlier,

23  as Manager of GreenPoint's Loan Delivery Department, her testimony goes to key issues in this

24  case, namely, the identification of material defects in the loans in the Transaction, which is

25  critical to supporting Syncora's own breach claims against EMC.

26        Instead, Ms. Dettor's counsel has raised a wholly insupportable argument in order

27  to forestall lawful discovery in this action. In the parties' negotiations, Ms. Dettor's counsel has

28

1   asserted that the Federal Rules of Civil Procedure (specifically, Rules 26, 30 and 45) require that

2   Syncora coordinate its third-party discovery efforts with five separate parties in four unrelated

3   litigations – *to the extent that it must split one deposition of Ms. Dettor six ways* – to ensure

4   minimal burden on third-party witnesses.  That assertion, however, is based on a complete

5   misreading of the law.

6           First, contrary to the assertions of Ms. Dettor's counsel, the instant action is not

7   "related" to state-court actions brought by different financial-guaranty insurers represented by

8   Patterson Belknap simply because they each happen to involve GreenPoint-originated loans.  As

9   detailed above, each of those actions pertains to different transactions than the one at issue here,

10   different loans than those underlying the Transaction, and different transaction counterparties.

11   As a result, discovery in each action is necessarily distinct.  GreenPoint is making separate

12   document productions in each action consisting largely of unique documents and

13   communications pertaining to each separate transaction, and as a result, each action may have

14   different priorities with respect to prospective deponents.  Moreover, each of the actions that Ms.

15   Dettor contends should be consolidated for the purposes of third-party discovery are on different

16   discovery schedules.  Though discovery is largely complete in this action, it is only just

17   beginning in others, and as a result, the parties to other actions are not necessarily in the same

18   position as Syncora to determine both whether to depose Ms. Dettor and what topics to cover

19   with her.  Thus, Ms. Dettor's claim that the actions are "related" is entirely artificial, and appears

20   to be based on nothing more than the fact that the plaintiffs in those actions are all represented by

21   the same law firm.  To illustrate that point, Ms. Dettor's counsel has not purported to require

22   Syncora to coordinate efforts with any litigations involving plaintiffs not represented by

23   Patterson Belknap.  The simple fact that multiple plaintiffs are represented by the same law firm

24   does not make their cases "related," or require those plaintiffs to engage in an onerous

25   coordination effort with multiple parties in separate litigations.[6]

26                      
  [6] In pre-motion communications, Ms. Dettor's counsel cited several cases that purportedly support the

27   position that Syncora should be required to coordinate discovery efforts with parties in separate actions.
  None of the cases cited restricts a party's right to take a full deposition of a witness or requires

28   coordination across unrelated cases, and each presents facts and circumstances markedly different from

NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT

1           Second, the Federal Rules contain no requirement that third-party discovery must

2    be coordinated across unrelated litigations, just because they happen to require discovery from

3    the same third-parties. Ms. Dettor's counsel has vaguely cited to the rules' provisions limiting

4    the burden on deponents, such as Rule 30(d)(1), which limits a deposition to "1 day of 7 hours."

5    Of course, that rule merely defines the standard length of a deposition *in a single action*, but

6    even then, the rules contemplate that courts have the authority to extend those limits if needed

7    for a fair examination, such as when there are multiple parties in the same case. *See* Fed. R. Civ.

8    P. 30, Advisory Committee Notes to 2000 Amendment. Thus, far from requiring that Syncora

9    share one deposition day with five other parties in unrelated litigations, the rules explicitly

10   contemplate that, ***even within the same action***, the needs of multiple parties to question the

11   witness can justify additional deposition time.

12           Finally, and most importantly, the practical implication of Ms. Dettor's demand

13   would be to substantially inhibit Syncora's ability to conduct relevant third-party discovery.

14   Syncora would be required to share one deposition with no less than five other parties, which

15   even for an extended deposition of eight hours, would limit Syncora to questioning Ms. Dettor

16   for only 80 minutes, far less than it requires to fully examine a witness with the extent of relevant

17   knowledge that she has. But more than that, though Ms. Dettor has to date only been

18   subpoenaed in this action, Ms. Dettor's counsel is purporting to deprive Syncora of its right to

19   depose the witness now, unless and until every party in three unrelated actions (on three different

20   discovery schedules) agrees to a similar limitation of their rights. That position is patently

21   unreasonable.

22

23   those presented here. *See In re Boehringer Ingelheim Pharm., Inc.*, 763 F. Supp. 2d 1377, 1378-79
(J.P.M.L. 2011) (four cases brought against the same defendant regarding the same issues); *Largan*
24   *Precision Co. Ltd v. Fujinon Corp.*, No. C 10-1318, 2011 U.S. Dist. LEXIS 38132, at *9,17-18 (N.D.C.A.
March 30, 2011) (two cases concerning the validity of the same patent could share discovery); *Signal*
25   *Tech., Inc. v. Pennsummit Tubular, LLC*, No. 09-60636-CIV, 2010 U.S. Dist. LEXIS 20325, at *3-4, 18
(S.D. Fla. Feb. 9, 2010) (coordinated discovery appropriate for two actions involving virtually identical
26   parties and the same transaction or event); *Ellis v. CCA of Tennessee, LLC*, No. 08-cv-0254, 2009 U.S.
Dist. LEXIS 7322, at *4 (S.D. Ind. Feb. 2, 2009) (encouraging coordination where feasible, but granting
27   protective order that discovery could only be used solely for the purposes of litigation in that action).

28

NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT

1        In sum, there is no disputing that Ms. Dettor's testimony is relevant to Syncora's

2   causes of action, nor is there any legitimate argument that she will be unduly burdened by being

3   deposed by Syncora. Ms. Dettor's only issue pertains to the possibility of being deposed in the

4   future in actions unrelated to this one. For the reasons stated above, that is not a legitimate basis

5   for denying Syncora's right to depose Ms. Dettor in this action.

6   **IV.**   **CONCLUSION**

7        For all the foregoing reasons, Syncora respectfully requests that the Court grant

8   its motion to compel the deposition of Carol Dettor. In addition, Syncora respectfully requests

9   that the Court award it all costs associated with this motion.

10

11   DATED: May 24, 2012           MURPHY, PEARSON, BRADLEY & FEENEY

12                  By:    */s/ John P. Girarde*

                        John P. Girarde

13                         Attorneys for Plaintiff

14                         *Syncora Guarantee Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1

## CERTIFICATE OF SERVICE

2      I, Sandra Chao, declare:

3      I am a citizen of the United States, over the age of 18 years, and not a party to or interested in

4   the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, CA

5   94108. On May 24, 2012, I hereby certify that I electronically filed the foregoing with the Clerk of the

6   Court for the United States District Court for the Northern District of California by using the CM/ECF

7   system as follows:

8   **NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY;**
9   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

10  **DECLARATION OF LIA BROOKS IN SUPPORT OF SYNCORA GUARANTEE**
    **INC.'S MOTION TO COMPEL DEPOSITION TESTIMONY**

11

| X | **VIA E-MAIL:** The above-described document(s) will be transmitted via e-mail to the following: |
|---|---|

12

13  Robert Sacks                                         Attorneys for Defendant
14  *sacksr@sullcrom.com*                                EMC Mortgage Corporation
    Diane McGimsey
15  *mcgimseyd@sullcrom.com*
    SULLIVAN & CROMWELL LLP
16  1888 Century Park East, Suite 2100
    Los Angeles, CA  90067
17
    Allen Gresham, II                                    Attorney for Susan Yasinitsky
18  *bgresham@mcguirewoods.com*
    Charles Abbott
19  *cabbott@mcguirewoods.com*
    McGUIRE WOODS LLP
20  1800 Century Park East, 8th Floor
    Los Angeles, CA  90067

21      I declare under penalty of perjury under the laws of the State of California that the foregoing is

22  a true and correct statement and that this Certificate was executed on May 24, 2012.

23

24                                          By _____
25                                                  Sandra Chao

26

27

28