



Eric N. Whitney
Tel 212.801.3153
Fax 212.309.9553
whitneye@gtlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 3-27-13

March 20, 2013

*The request to limit the*
*scope of the 3d(b)(6) motion is*
*denied. The deposit may proceed, as*
*limited by Syncar' letter of March 25, 2013*
*So ordered*
*Paul McCrotty*

By E-Mail and Hand Delivery

The Honorable Paul A. Crotty
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Syncora Guarantee Inc. v. EMC Mortgage Corporation,*
Civil Action No. 09 Civ. 3106 (PAC)

Dear Judge Crotty:

We write on behalf of EMC Mortgage LLC ("EMC") to request that the Court limit the scope of Syncora Guarantee Inc.'s ("Syncora") proposed Rule 30(b)(6) deposition of EMC. As the Court may recall, following letter briefing from the parties in August 2012 on this same issue, the Court ordered the parties to meet and confer and, in the event the parties could not agree on appropriate topics for the deposition, to seek the Court's assistance in resolving any remaining disputes. (*See* Ex. A.) After several meet-and-confer sessions, the parties reached agreement on several disputed issues, but continue to disagree with respect to topics 9, 10 and 12 in Syncora's Second Revised Rule 30(b)(6) Deposition Notice to EMC dated July 6, 2012 ("Revised Notice"). (*See* Ex. B.) Absent a ruling from this Court modifying the scope of the Revised Notice, Syncora intends to move forward with its deposition of EMC on each of these topics. The parties have thus reached an impasse and require the Court's assistance.

As the Court knows, there has been an extraordinary amount of party and non-party discovery in this breach-of-contract dispute, which relates to a single residential mortgage-backed securities transaction known as GreenPoint Mortgage Funding Trust 2007-HE1 (the "Transaction"). To date, EMC has produced approximately 23 million pages of documents, and Syncora has deposed 22 former or current EMC employees. And, after more than four years of intensive litigation, fact discovery is still ongoing. Syncora now proposes to take an unbounded Rule 30(b)(6) deposition of EMC at the very end of fact discovery, not to discover relevant background information or to identify areas for further discovery (the usual purposes behind Rule 30(b)(6) depositions at the start of fact discovery), but rather to question EMC on virtually all aspects of its mortgage and securitization practices. The issues identified in Syncora's Revised Notice, which includes 16 broad topics and 43 subtopics, have been the

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES
MIAMI
MILAN
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building ■ 200 Park Avenue ■ New York, NY 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

The Honorable Paul A. Crotty
March 20, 2013
Page 2

subject of extensive document discovery and depositions over the past four years, including depositions of all of the relevant people who were involved in those practices.

Despite its misgivings about the scope of Syncora's Revised Notice and the utility of Rule 30(b)(6) depositions at this late juncture, EMC nevertheless agreed to designate and prepare a witness on 13 of the 16 topics in the Revised Notice, even though Syncora has already had more than full discovery on all of those issues. With respect to the remaining topics, however, EMC agreed to designate a witness, but only to the extent Syncora agrees to narrow the topics to the Transaction or mortgage loans at issue in this case. Syncora is not entitled to use a 30(b)(6) deposition to obtain discovery on topics that have no bearing on the actual issues in dispute in this breach-of-contract case. Nor should Syncora be allowed to use a Rule 30(b)(6) deposition to obtain discovery that this Court already ruled it is not entitled to obtain. Yet, as discussed below, that is precisely what Syncora is trying to do with topics 9, 10 and 12 in its Revised Notice. EMC therefore respectfully requests that the Court impose the following modest limitations on the scope of Syncora's Revised Notice.

## A.   Proposed Topic 9.

In topic 9 of the Revised Notice, Syncora seeks testimony regarding "EMC's policies, procedures, and practices in connection with claims operations, including with respect to the Transaction and the Transaction HELOCs." (Ex. B, at 14.) Syncora identifies five broad subtopics that are not limited in any way to the Transaction or the relevant mortgage loans. For example, Syncora is seeking testimony regarding "the financial accounting for claims and related settlement recoveries and reserves," irrespective of whether the claims relate to the loans at issue. (*See* Ex. B, at 14.) Topic 9 should be stricken and/or modified for two reasons:

First, Syncora's attempt to obtain discovery into EMC's "claims operations" and "financial accounting for claims and related settlement recoveries and reserves" constitutes an impermissible end-run around this Court's March 2, 2012 order, in which the Court denied Syncora's request for discovery "concerning claims against GreenPoint Mortgage Funding, and for documents showing the consideration paid and received by EMC." (*See* Ex. C, at 1.) Ignoring this Court's prior ruling, Syncora is now trying to obtain the very same information through a Rule 30(b)(6) deposition.

Second, in an effort to reach a compromise agreement on this topic (but without waiving its position that topic 9 is barred by the March 2, 2012 order), EMC offered to provide 30(b)(6) testimony related to topic 9 and its subtopics to the extent the topics relate to the Transaction and/or associated mortgage loans. Syncora rejected the offer. In trying to elicit testimony that is not tied to the Transaction or mortgage loans at issue, Syncora is not only seeking to obtain discovery on irrelevant matters, but also contradicting its long-standing position that discovery about "unrelated transactions has no bearing on Syncora's breach of warranty claims in this action, or EMC's defense of those claims." (*See* Ex. D, at 2; *see also* Ex. E, at 3 (stating that discovery "unrelated" to the Transaction is not relevant).)

The Honorable Paul A. Crotty
March 20, 2013
Page 3

        In short, Syncora's topic 9 should be stricken in its entirety as barred by the Court's
March 2, 2012 order or, at a minimum, limited to the Transaction and mortgage loans at issue.

## B.    Proposed Topic 10.

        Topic 10 of Syncora's Revised Notice should be stricken in its entirety as seeking
wholly irrelevant information.    Topic 10 seeks testimony concerning "EMC's policies,
procedures, and practices concerning the securitization of loans prior to the expiration of the
early-payment-default period and changes to those policies, procedures, and practices over
time." (*See* Ex. B, at 15.) But, as Syncora well knows, EMC's policies regarding the timing of
securitizing loans in relation to the expiration of the early-payment default period are not
relevant here for the simple reason that *all* of the loans in the Transaction were securitized
*following* the expiration of the early-payment default period.

## C.    Proposed Topic 12.

        Topic 12 of Syncora's Revised Notice seeks testimony regarding "EMC's and EMC
Residential's communications, relations, and transactions with GreenPoint." (*See* Ex. B, at 16.)
Topic 12, including all of its five subtopics [(a)-(e)], is not limited to the Transaction. As with
topic 9, EMC does not object to providing testimony with respect to topic 12 as it relates to the
Transaction or mortgage loans at issue, but Syncora has refused to agree to this reasonable
limitation. As Syncora previously noted, testimony concerning "unrelated" transactions has no
bearing on the actual issues in dispute in this case. (Ex. D, at 2.) The same is true here—
Syncora cannot have it both ways.

        Further, especially with respect to topic 12, preparation of a 30(b)(6) representative
would be extremely burdensome, if not impossible, given the overbreadth of the requests. For
example, topic 12(b) requests testimony regarding "[t]he nature and volume of EMC's
purchases of loans from GreenPoint, related negotiations, pricing, and due-diligence reviews."
(Ex. B, at 16.) EMC negotiated and closed hundreds of individual trades with GreenPoint over
several years, in which it purchased tens of thousands of loans. Except for the four GreenPoint
trades at issue here, about which EMC is willing to prepare a 30(b)(6) representative to testify,
none of the other trades or loans have anything to do with this lawsuit. But even passing the
total lack of relevance, the absence of any limitation on the scope of topic 12 would render it
impossible for EMC to adequately prepare its witness.

The Honorable Paul A. Crotty
March 20, 2013
Page 4

     In sum, EMC respectfully asks that the Court strike subtopics 12(a), (c) and (e), which by their terms cannot be limited to the Transaction, and otherwise limit the rest of topic 12 to the Transaction.

Sincerely,

Eric N. Whitney

cc: Counsel of Record